IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS, EASTERN DISTRICT

JESSIE POWELL, Individually and on Behalf
of all others Similarly Situated in the State of Arkansas          PLAINTIFF

vs.                    NO. CV-2-04-CV-92-GH

MEGA LIFE AND HEALTH INSURANCE COMPANY;
UNITED INSURANCE COMPANIES, INC. [UICI] (d/b/a
THE INSURANCE CENTER, UGA - ASSOCIATION
FIELD SERVICES and ENROLLERS FOR THE NATIONAL
ASSOCIATION FOR THE SELF-EMPLOYED); UNITED
GROUP SERVICE CENTERS, INC.; UICI MARKETING,
INC.; SPECIALIZED ASSOCIATION SERVICES, INC.;
NASE GROUP INSURANCE TRUST FUND; NATIONAL
ASSOCIATION FOR THE SELF-EMPLOYED a/k/a NASE,
and JOHN DOES 1-20                                          DEFENDANTS

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Mega and UICI removed this action from the Circuit Court of Phillips County, Arkansas, despite the fact that the damages prayed for do not exceed $75,000.00 per class member, inclusive of all compensatory damages, punitive damages, attorney's fees, costs, and all other requested relief. The Eighth Circuit cases addressing this issue have repeatedly held that such cases are not subject to removal and must be remanded.

In *Crawford v. F. Hoffman-La Roche Ltd*, 267 F.3d 760 (8th Cir. 2001), the Eighth Circuit

stated:

> Lonza acknowledges on appeal, as all of the defendants did below, that Crawford's claim for less than $75,000 in compensatory damages is not sufficient to establish diversity jurisdiction. It argues, though, like the defendants below, that the class members' claims for punitive damages, restitution, or attorney fees may be aggregated to establish the amount in controversy. **This circuit has recently affirmed the rule of Zahn v. International Paper Co., 414 U.S. 291 (1973), holding that individual class members' distinct claims for actual damages may not be aggregated to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. Trimble v. Asarco, Inc., 232 F.3d 946 (8th Cir. 2000).** We now reach similar holdings with respect to claims for punitive damages, restitution, and attorney fees. *Id at 765 (emphasis added)*.
>
> We reach a similar conclusion with respect to the restitution claims. Lonza argues that the complaint's request for restitution of "all monies" which class members overpaid seeks the recovery of a common fund that, under Snyder, may be used to establish jurisdiction. "Under the classic 'common fund' cases, what controls is the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs." Gilman, 104 F.3d at 1427. The members of the prospective class did not hold joint title to any portion of the defendants' profits prior to the commencement of this lawsuit. The rights which the complaint seeks to vindicate, rather, are based on separate purchases of different products by each of the individual members. **The restitution of these amounts to individual plaintiffs is not the restitution of a common fund. See Gilman, 104 F.3d at 1426-28 (refusing to aggregate "order flow" payments of which plaintiffs sought disgorgement, where those payments were made to the defendant by individual plaintiffs in separate transactions). The defendants may not aggregate these amounts to support the exercise of diversity jurisdiction.** *Id at 766 (emphasis added)*.
>
> **From the above discussion, it is clear that the federal courts do not have subject-matter jurisdiction over this case. The diversity statute, 28 U.S.C. § 1332, requires that the amount in controversy exceed $75,000, and the defendants have not argued in this case that the jurisdictional minimum can be overcome without aggregating either punitive damages, restitution, or attorney fees.** *Id at 767 (emphasis added)*.

More recently, the Eighth Circuit affirmed its rule in *Kessler v. National Enterprises*, 347 F.3d 1076 (8th Cir. 2003), as follows:

The general rule is that "individual class members' distinct claims for actual damages may not be aggregated to satisfy the . . . amount-in-controversy requirement for diversity jurisdiction." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 765 (8th Cir. 2001). Further, even if one class member's claim exceeds the amount in controversy, "a district court cannot exercise supplemental jurisdiction of class members who do not, themselves, satisfy the jurisdictional requirement." Trimble v. Asarco, Inc., 232 F.3d 946, 960 (8th Cir. 2000) (citing Zahn v. Int'l Paper Co., 414 U.S. 291, 301 (1973)). *Id at 1078 - 1079 (footnotes omitted)*.

In this case, each class member seeks to enforce rights obtained through an individual contract between the class member and the original developer (or one of its successors). If a class member recovers under her individual contract, it will have no effect on the amount another class member may recover on his individual contract. **Thus, this case varies little from the situation where individual policyholders combine to sue an insurer raising an identical issue regarding the meaning of a policy, but the insureds will not have to fight amongst themselves over a common recovery fund. In such a case, aggregation is prohibited. See Burns v. Mass. Mut. Life Ins. Co., 820 F.2d 246, 251 (8th Cir. 1987) ("The claims of the proposed class members are distinct from each other; each policy holder asserts an individual claim based upon that policy holder's individual contract. We therefore conclude that the claims . . . cannot be aggregated for purposes of satisfying the requisite jurisdictional amount.").** *Id at 1079 - 1080. (footnotes omitted, emphasis added)*.


"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotations omitted). In a case before our court based on diversity jurisdiction, we must acknowledge our lack of jurisdiction whenever "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002) (internal citations and quotations omitted). Although the class members' claims satisfy the jurisdictional amount in the aggregate, it appears to a legal certainty (whether considered when the original complaint was filed or now) that none of the named class members' claims satisfies the jurisdictional amount individually. As a result, we have no choice but to remand this case to the district court, with directions to remand it to the state court from which it was removed. See 28 U.S.C. § 1447(c). *Id at 1081*.


Removal statutes are to be strictly construed and the burden in on defendant to demonstrate

that diversity jurisdiction exists. Contested issues of fact and law are resolved in favor of remand. *Richka Enter. Inc. v. Am. Family Mutual Ins. Co.*, 200 F.Supp.2d 1049, 1051 (E.D. Mo. 2001).

## CONCLUSION

Mega and UICI have improperly removed this case despite the consistent rulings of the Eighth Circuit on this issue as set forth above. Plaintiff's complaint prays damages of less than $75,000.00 for each class member, inclusive of compensatory damages, punitive damages, attorney's fees, costs and all other relief. Based on the foregoing, this Court should remand this case to the Circuit Court of Phillips County, Arkansas.

Respectfully Submitted,

JOHN DOYLE NALLEY
Attorney at Law
Arkansas Bar No. 86132
P.O. Box 606
Benton, Arkansas  72018
(501) 315-7491

## CERTIFICATE OF SERVICE

I, John Doyle Nalley, do hereby certify that a copy of the foregoing pleading has been mailed, via U.S. Mail, to the following:

Mr. Rick T. Beard, III
MITCHELL, WILLIAMS, SELIG, GATES &
WOODYARD, P.L.L.C.
Attorneys at Law
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201

on this 24th day of May, 2004.

John Doyle Nalley